**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gregory Clarke BUCK, Defendant-
Appellant.**

**No. 23257.**

United States Court of Appeals,
Ninth Circuit.

April 21, 1970.

Rehearing Denied June 18, 1970.

Luke McKissack (argued), Los Angeles, Cal., for defendant-appellant.

Dennis E. Kinnard (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to the court sitting without a jury, a jury trial having been expressly waived, in writing, in open court, by appellant who was represented by counsel of his own choosing, appellant was convicted on two counts of violating 21 U.S.C. § 176a. He was sentenced to the custody of the Attorney General for seven years on one count, and four years on the other, both sentences to be served concurrently.

Each count charged that on or about December 12, 1966, appellant, with intent to defraud the United States, knowingly received, concealed and facilitated the transportation and concealment of a specified quantity of marihuana which,

as he well knew, had been imported into the United States contrary to law.

Insofar as here relevant, § 176a imposes criminal punishment upon every person who:

"knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law * * *, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * *."

A subsequent paragraph of the section provides:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

On this appeal, appellant specifies several alleged errors, only one of which we deem necessary to discuss.

Appellant contends that the evidence before the District Court, absent the "knowledge" aspect of the presumption contained in § 176a, is insufficient to sustain the judgment of conviction. We agree.

The record before us furnishes abundant proof that on or about the date specified in the indictment, appellant was possessed of the quantity of marihuana therein stated. There is some evidence in the record from which a trier of fact could infer that such marihuana was imported contrary to law from Mexico to the United States. There is no evidence in the record from which the trier of fact could infer that the appellant knew that the marihuana had been imported or brought into the United States contrary to law. Such knowledge is an essential element of the offenses charged in 21 U.S.C. § 176a.

Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

As stated in the en banc decision of this Court in United States v. Scott, 425 F.2d 55 (9th Cir. 1970):

"In *Leary*, the Supreme Court held unconstitutional that part of section 176a permitting the jury to presume or to infer that the defendant knew that marihuana had been illegally imported from proof that he had been in possession of marihuana, because there was no 'substantial assurance that one in possession of marihuana is more likely than not to know that his marihuana was illegally imported.' (395 U.S. at 46, 89 S.Ct. 1553.) Under such circumstances there is no 'rational connection between the facts proved and the facts presumed,' and the statutory presumption pro tanto fails the constitutional test of Tot v. United States (1943) 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519."

In *Leary*, trial was to a jury, and the jury was instructed in accordance with the terms of the presumption stated in § 176a. In the instant case the judge was the trier of fact. For that reason we are unable to determine from the record whether the court relied upon the presumption in arriving at the conclusion that appellant was guilty of the offenses upon which he was convicted. We assume that he did, for without reliance upon the "knowledge" aspect of the presumption, the record is barren of any evidence that appellant knew that the marihuana which he possessed was imported or brought into the United States contrary to law.

In Qualen v. United States, 425 F.2d 720 (9th Cir. 1970), this Court stated:

"We cannot assume that the now invalid presumption was ignored, inasmuch as the District Court was required to apply it, as were we, until the recent declaration of its invalidity."

The instant case was pending on direct appeal before this Court at the time the decision in *Leary* was announced.

This Court in United States v. Scott, *supra,* stated that "the decision in *Leary* partially invalidating the presumption is fully retroactive."

The judgment appealed from is vacated and the cause remanded to the District Court with instructions to grant appellant a new trial.

The application of appellant, pending before this Court for reduction of bail, is transferred to the District Court for hearing and determination.